```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
ALEKSEY TSVETKOV,
                                          COMPLAINT
                    Plaintiff,            Civil Action
                                          No.:
         - against -

UNITED STATES OF AMERICA,

                    Defendant.
------------------------------------X
```

Plaintiff, by his attorney, ERIC H. GREEN, ESQ., as and for his complaint, herein alleges the following upon information and belief:

### ALLEGATIONS OF JURISDICTION & VENUE

1. That jurisdiction of this Court as to the claims hereinafter alleged against the defendant is founded upon title 28 U.S.C. 2674, *et seq.*, commonly known as the Federal Tort Claims Act.

2. That the agencies complained of herein have a principal place of business within the jurisdiction of this Court.

3. That the incident out of which this lawsuit arises occurred within the jurisdiction of this Court.

### GENERAL ALLEGATIONS

4. That The United States Marshall Service is an agency and instrumentality of the defendant **UNITED STATES OF AMERICA**, and is authorized and required by law to furnish certain services and is operated and controlled by the defendant.

5. That heretofore and on the 28th day of June, 2017, notice of this claim was duly served upon the defendant on behalf of the within plaintiff by service of Standard Form 95 on The United States Marshall Service its agent designated for receipt of same within two (2) years after plaintiff's cause of action accrued.

6. That the defendant through The United States Marshall Service has refused to pay, settle, compromise or adjust the claim of the plaintiff herein, in a manner satisfactory to the plaintiff.

7. That The Federal Bureau of Prisons is an agency and instrumentality of the defendant **UNITED STATES OF AMERICA**, and is authorized and required by law to furnish certain services and is operated and controlled by the defendant.

8. That heretofore and on the 27th day of June, 2017, notice of this claim was duly served upon the defendant on behalf of the within plaintiff by service of Standard Form 95 on The Federal Bureau Of Prisons its agent designated for receipt of same within two (2) years after plaintiff's cause of action accrued.

9. That the defendant through The Federal Bureau Of Prisons has refused to pay, settle, compromise or adjust the claim of the plaintiff herein, in a manner satisfactory to the plaintiff.

10. That the plaintiff have duly complied with all of the conditions precedent to the commencement of this action.

11. Upon information and belief, that at all times herein after mentioned, the defendant **UNITED STATES OF AMERICA** owned a motor vehicle involved in an accident on November 14, 2011 at or

near 80 29th Street in the County of Kings, City and State of New York.

12. Upon information and belief, that all times herein mentioned, The United States Marshall Service owned a motor vehicle involved in an accident on November 14, 2016 at or near 80 29th Street in the County of Kings, City and State of New York.

13. Upon information and belief, that at all times herein mentioned The Federal Bureau Of Prisons owned a motor vehicle involved in an accident on November 14, 2016 at or near 80 29th Street in the County of Kings, City and State of New York.

14. That all times herein mentioned "**JOHN DOE**" was the operator of a motor vehicle in an accident on November 14, 2016.

15. Upon information and belief, that all times herein mentioned, "**JOHN DOE**" was in physical charge, operation, management and control of the aforesaid motor vehicle owned by the defendant, **UNITED STATES OF AMERICA** with the knowledge, consent, and permission, either express of implied, of the defendant.

16. Upon information and belief, that all times herein mentioned, "**JOHN DOE**" was in physical charge, operation, management and control of the aforesaid motor vehicle owned by The United States Marshall Service with the knowledge, consent and permission, either express of implied, of the defendant.

17. Upon information and belief, that all times herein mentioned, "**JOHN DOE**" was in physical charge, operation, management and control of the aforesaid motor vehicle owned by The Federal

Bureau Of Prisons with the knowledge, consent and permission, either express of implied, of the defendant.

18. Upon information and belief, that at all times herein mentioned **"JOHN DOE"** was employed by The United States Marshall Service and was in the course of his employment.

19. Upon information and belief, that at all times herein mentioned, **"JOHN DOE"** was employed by The Federal Bureau of Prisons and was in the course of his employment.

20. Upon information and belief, that at all times herein mentioned **"JOHN DOE"** was employed by the defendant, **UNITED STATES OF AMERICA**, and was in the course of his employment.

21. That at all times herein mentioned, plaintiff was a passenger in the aforesaid vehicle.

22. That at all times herein mentioned, plaintiff was a prisoner in the custody of The United States Marshall Service.

23. That at all times herein mentioned, plaintiff was a prisoner in the custody of The Federal Bureau of Prisons.

24. That at all times herein mentioned, The Federal Bureau of Prisons operated a facility called Metropolitan Detention Center located at 80 29th Street, Brooklyn, New York, including a security gate.

25. That at all times herein mentioned, defendant, **THE UNITED STATES OF AMERICA** owned a facility called Metropolitan Detention Center located at 80 29th Street, Brooklyn, New York including a security gate.

26. That at all times herein mentioned, The Federal Bureau Of Prisons maintained a facility called Metropolitan Detention Center located at 80 29th Street, Brooklyn, New York, including a security gate.

27. That at all times herein mentioned, The Federal Bureau of Prisons controlled a facility called Metropolitan Detention Center located at 80 29th Street, Brooklyn, New York, including a security gate.

28. That at all times herein mentioned, plaintiff was an inmate at the Metropolitan Detention Center.

29. That on the 14th day of November 2016 the aforesaid vehicle in which plaintiff was a passenger came into contact with the Metropolitan Detention Center's a security gate at 80 29th Street, Brooklyn, New York.

30. That defendant through its agents, servants, and/or employees so carelessly and negligently operated and maintained the aforesaid motor vehicle so as to cause the aforesaid contact.

31. That defendant through its agents, servants, and/or employees so carelessly and negligently operated and maintained the aforesaid security gate so as to cause the aforesaid contact.

32. That as a result of the foregoing, the plaintiff **ALEKSEY TSVETKOV** was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same, and , upon, information and belief, will be compelled to do so in the future.

33. That the aforesaid occurrence and the injuries sustained by the plaintiff **ALEKSEY TSVETKOV** were caused wholly and solely

by the negligence of the defendant through the acts and omissions of its servants, agents and/or employers.

34. That as a result of the foregoing, this plaintiff has been damaged in the sum of TWO MILLION and 00/100 ($2,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff, **ALEKSEY TSVETKOV**, demands judgment against the defendant in the sum of TWO MILLION and 00/100 ($2,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: New York, New York
       April 24, 2018

/cb

ERIC H. GREEN, ESQ.
Attorney for Plaintiff

By: ERIC H. GREEN, ESQ.
Post Office Address
295 Madison Avenue
New York, New York 10017
(212) 532-2450

**ATTORNEY'S VERIFICATION**

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record for plaintiff(s).

I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions with the plaintiff and papers and/or documents in the file.

The reason I make this affirmation instead of plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated: April 24, 2018
       New York, New York

ERIC H. GREEN, ESQ.
Attorney for Plaintiff

By: ERIC H. GREEN, ESQ.
    Post Office Address
    295 Madison Avenue
    New York, New York 10017
    (212) 532-2450